UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DEAN GODING,

    Plaintiff,

v.

JOSHUA SAARANEN, et al.,

    Defendants.

_____/

Case No.  2:24-cv-00001

Hon.  Paul L. Maloney
U.S. District Judge

## REPORT AND RECOMMENDATION

### I.  Introduction

This is a civil rights action brought by Dean Goding pursuant to 42 U.S.C. § 1983.  Goding alleges that he was an inmate in the Houghton County Jail.  Goding alleges that he was assaulted by another Houghton County Jail inmate on January 5, 2021.  Goding says that Defendants failed to prevent the assault.  Defendants move to dismiss the case under Fed. R. Civ. P 41 because Plaintiff cancelled two scheduled depositions due to unexpected incarcerations.  (ECF No. 96.)  Defendants argue that Plaintiff's incarcerations are not a reasonable excuse for failing to participate in depositions.  (*Id.*, PageID.96.)

At the time Plaintiff filed his complaint, he was incarcerated in federal prison.  On August 2, 2024, the Court entered a stay of proceedings until Plaintiff was released from prison in November 2024.  (ECF No. 18.)  On December 2, 2024, the Court entered an Amended Case Management Order.  (ECF No. 23.)  Discovery was set to end on June 30, 2025.  (*Id.*)  Defendants noticed Plaintiff's deposition for June 16, 2025.  (ECF No. 35, PageID.97.)  Just before the scheduled deposition,

Plaintiff was arrested and placed in the Crawford County Jail. Plaintiff's counsel notified defense counsel the morning of the deposition and the deposition was canceled. Defendants were charged $150.00 due to the late cancellation.

On August 20, 2025, the Court entered an order extending discovery until October 15, 2025. (ECF No. 31.) Defendants rescheduled Plaintiff's deposition to be taken on October 2, 2025. On September 30, 2025, Plaintiff's counsel informed defense counsel that Plaintiff was again incarcerated in federal prison, in Pennsylvania. The deposition was cancelled. Defendants represent that Plaintiff is scheduled for release from federal prison on June 10, 2026.[1]

Defendants move to dismiss this case for failure to prosecute due to Plaintiff's incarceration and his inability to attend the scheduled depositions while he was incarcerated.

**II. Analysis**

Fed. R. Civ. P. 41(b) provides that where a Plaintiff fails to prosecute or comply with the rules or a court order, a defendant may move to dismiss the action or any claim against it. More specifically, Fed. R. Civ. P. 37(d)(1)(A)(i) provides that when a party fails to attend his own deposition, after being properly notified, he or she may be sanctioned by the court. Pursuant to Fed. R. Civ. P. 37(b)(2)(A)(v) and 37(d)(3), sanctions may include dismissal.

The Sixth Circuit addressed this issue in *Woodson v. Morris*, 1995 WL 69243, 70 F.3d 1273 (6th Cir. 1995). In *Woodson*, the court noted that the plaintiff had

---

[1] The federal Bureau of Prisoners (BOP) online prisoner locator confirms that Goding is scheduled to be released June 10, 2026.

adequate advance notice of the date of the deposition, but willfully refused to participate in the deposition. The court held that the district court properly granted the defendant's motion for dismissal pursuant to Fed. R. Civ. P. 37 and 41(b). *Id.*, at \*1. Dismissal is appropriate where Plaintiff fails to attend an ordered deposition. *Voit v. Jefferson County Sheriff's Dep't*, 31 F. App'x. 189 (6th Cir. 2002). It is not an abuse of discretion for the trial court to impose sanctions due to a party's failure to participate in discovery:

> Rule 37(b)(2) authorizes a district court to enter a default judgment and dismiss a case where the sanctioned party failed to obey an order to provide or permit discovery. This court considers four factors in assessing the appropriateness of the district court's decision to dismiss a complaint: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Harmon [v. CSX Trsp., Inc.]*, 110 F.3d [364] at 366–67 [(6th Cir. 1997)]. Pre-dismissal warning of the sanction is pivotal to the determination of willfulness. *See Harris v. Callwood,* 844 F.2d 1254, 1256 (6th Cir.1988). Dismissal with prejudice "should be imposed only if the court concludes that the party's failure to cooperate in discovery was willful, in bad faith, or due to its own fault." *Beil v. Lakewood Eng'g & Mfg. Co.,* 15 F.3d 546, 552 (6th Cir.1994).

*Wittman v. Wilson*, 95 F. App'x 752, 754 (6th Cir. 2004).

Looking at the factors set forth above: Plaintiff could not attend his scheduled depositions because he was incarcerated. Defendants have failed to show that Plaintiff acted willfully or in bad faith in failing to appear at his depositions. The Court further notes that Defendants twice scheduled the depositions just before the close of the discovery periods. In addition, the Court did not warn Plaintiff that his

failure to attend a scheduled deposition due to his incarceration could result in the dismissal of this action.

Further, Defendants have not set forth any reasons why they were unable to take Plaintiff's deposition while he was incarcerated in the Crawford County Jail, or while he is incarcerated in federal prison. In the opinion of the undersigned, dismissal of this action is not appropriate under these facts.

Nevertheless, Defendants did have to pay a late cancellation fee of $150.00. Plaintiff should reimburse Defendants the cost of the late cancellation fee.

### III.    Recommendation

Accordingly, it is recommended that the Court deny Defendants' motion to dismiss this case but require Plaintiff to reimburse Defendants $150.00 for the late deposition cancellation fee.

NOTICE TO PARTIES:   Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.   28 U.S.C. ' 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).   Failure to file timely objections constitutes a waiver of any further right to appeal.   *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).   *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:    December 19, 2025                                /s/ *Maarten Vermaat*
                                                                        MAARTEN VERMAAT
                                                                        U.S. MAGISTRATE JUDGE